**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE: : | |
| MICHAEL A BECK : | BK. No. 14-17490-mdc |
|         Debtor : | |
| : | Chapter No. 13 |
| WELLS FARGO BANK, NA : | |
|         Movant : | |
|         v. : | |
| MICHAEL A BECK : | |
|         Respondents : | |

## OBJECTION OF WELLS FARGO BANK, N.A. TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 AMENDED PLAN

Movant, **WELLS FARGO BANK, NA** (hereinafter referred to as "Movant"), by its attorneys Phelan Hallinan Diamond & Jones, LLP hereby objects to confirmation of the Debtor's Chapter 13 Plan as follows:

1. Movant is **WELLS FARGO BANK, NA**.

2. Debtor, MICHAEL A. BECK, is the owner of the property located at 15114 INA DRIVE, PHILADELPHIA, PA 19116.

3. On February 2, 2017, Movant filed an Amended Proof of Claim listing pre-petition arrears in the amount of $11,048.88. On April 17, 2017 the parties resolved a post-petition delinquency wherein $10,249.44 was to be added to an amended Chapter 13 plan, for a total trustee payments of $22,844.96. On July 21, 2017, a Proof of Claim was filed listing pre-petition arrears in the amount of $10,249.44. A copy of the Amended Proof of Claim and Proof of Claim are attached hereto as Exhibit "A" and made a part hereof.

4. On April 26, 2017 this Honorable Court approved a stipulation by which Debotr was to add $10,249.44 to an amended Chapter 13 plan, for a total trustee payments of $22,844.96. A copy of the Stipulation and Order are attached hereto as Exhibit "B" and made a part herein.

5. Debtor's Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5).

6. Debtor's Amended Plan currently provides for payment of arrears owed to Movant in the amount of $15,925.96, short of the agreed amount. A copy of the Debtor's Amended Plan is attached hereto as Exhibit "C" and made a part hereof.

7. Movant objects to Debtor's Amended Plan does not match the Stipulation terms.

8. Additionally, Debtor's Amended Plan provides for the Debtor's pursuit of a loan modification.

9. Debtor's Amended Plan is speculative in nature in that the Amended Plan contemplates curing the arrears through a loan modification that has neither been offered nor approved.

10. Confirmation of Debtor's proposed Amended Plan should be denied.

WHEREFORE, **WELLS FARGO BANK, NA** respectfully requests that this Honorable Court deny confirmation of the Debtor's Chapter 13 Plan.

Respectfully Submitted,

/s/ James A. Prostko, Esquire
James A. Prostko, Esq., Id. No.27221
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext 31501
Fax Number: 215-568-7616
Email: james.prostko@phelanhallinan.com

Dated: March 28, 2018

# **Exhibit [B]**

L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **Michael A Beck**  
                Debtor(s)

Case No.:  **14-17490**  
Chapter 13

## Modified Chapter 13 Plan

☐ Original

☑ _____ Amended

Date: **March 19, 2018**

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
### MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
### NOTICE OF MEETING OF CREDITORS.

### Part 1: Bankruptcy Rule 3015.1 Disclosures

☐      Plan contains nonstandard or additional provisions – see Part 9

☐      Plan limits the amount of secured claim(s) based on value of collateral

☐      Plan avoids a security interest or lien

### Part 2: Payment and Length of Plan

**§ 2(a)(1) Initial Plan:**  
    **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee")  
    Debtor shall pay the Trustee for **60** months;  
    Debtor shall pay the Trustee $_____ per month for _____ months.  
☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(a)(2) Amended Plan:**  
    **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") **$39,882.00**  
The Plan payments by Debtor shall consists of the total amount previously paid ($**27,300.00**)  
And pay **$699.00** for **18 months** beginning in **April of 2018.**

    **§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

    **§ 2(c)** Use of real property to satisfy plan obligations:

Debtor   **Michael A Beck**                           Case number   **14-17490**

☐ Sale of real property
See § 7(c) below for detailed description

☑ Loan modification with respect to mortgage encumbering property:
See § 7(d) below for detailed description

**§ 2(d)** Other information that may be important relating to the payment and length of Plan:

## Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

**§ 3(a)** Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Name of Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Brad J. Sadek, Esquire | Attorney Fee | $1,418.00 + $1,500.00 Post Confirmation Attorney Fees |

**§ 3(b)** Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☑   None. If "None" is checked, the rest of § 3(b) need not be completed or reproduced.

## Part 4: Secured Claims

**§ 4(a) Curing Default and Maintaining Payments**

☐   None. If "None" is checked, the rest of § 4(a) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Name of Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Ally Financial | 2010 Dodge Caliber with approximately 55,000 miles | Per Loan Agreement | Prepetition: $337.57 | Per Loan Agreement | $337.57 |
| City of Philadelphia | Utilities (Water/Sewer) | Per Agreement | Prepetition: $296.44 | Per Agreement | $296.44 |
| Wells Fargo Home Mortgage | Real property located at 15114 Ina Drive, Philadelphia PA 19116 | Per Loan Agreement | Prepetition: $15,925.96 (paid to date by the Chapter 13 Trustee) Debtor has been approved for a loan modification | Per Loan Agreement | $15,925.96 (paid to date by the Chapter 13 Trustee) |

**§ 4(b)** Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

☑   None. If "None" is checked, the rest of § 4(b) need not be completed or reproduced.

Debtor    __Michael A Beck__                          Case number    __14-17490__

### § 4(c) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506

☑ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

### § 4(d) Surrender

☑ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

## Part 5: Unsecured Claims

### § 5(a) Specifically Classified Unsecured Priority Claims

☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

### § 5(b) Timely Filed General Unsecured Claims

(1) Liquidation Test *(check one box)*

☑ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4)

(2) Funding: § 5(b) claims to be paid as follows *(check one box)*:

☐ Pro rata

☑ 100%

☐ Other

## Part 6: Executory Contracts & Unexpired Leases

☑ **None.** If "None" is checked, the rest of § 6 need not be completed or reproduced.

## Part 7: Other Provisions

### § 7(a) General Principles Applicable to The Plan

(1) Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked.

(4) Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID.

(5) All distributions to creditors shall be disbursed by the Trustee, other than post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C).

(6) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff during the terms of this Plan, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court

### § 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence

| Debtor | **Michael A Beck** | Case number | **14-17490** |
|---|---|---|---|

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

### § 7(c) Sale of Real Property

☑ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of ___ (the "Real Property") shall be completed within months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed, each secured creditor will be paid the full amount of their secured claims as reflected in § 4.b (1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be sold in accordance with the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

### § 7(d) Loan Modification
☐ **None.** If "None" is checked, the rest of § 7(d) need not be completed.

(1) Debtor has been approved for a loan modification with **Wells Fargo Bank, N.A.**

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $**0.00** per month, which represents _____ *(describe basis of adequate protection payment)*. Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to fully fund the secured pre-petition arrearage claim filed by the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

### Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

Level 1: Trustee Commissions*
Level 2: Domestic Support Obligations
Level 3: Adequate Protection Payments
Level 4: Debtor's attorney's fees
Level 5: Priority claims, pro rata
Level 6: Secured claims, pro rata

Debtor     **Michael A Beck**                                    Case number    **14-17490**

    **Level 7:** Specially classified unsecured claims
    **Level 8:** General unsecured claims
    **Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

### Part 9: Nonstandard or Additional Plan Provisions

    ☑ **None.** If "None" is checked, the rest of § 9 need not be completed.

### Part 10: Signatures

    By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date:    **March 19, 2018**                          /s/ **Brad J. Sadek, Esquire**
                                                                                     **Brad J. Sadek, Esquire**
                                                                                     Attorney for Debtor(s)

    If Debtor(s) are unrepresented, they must sign below.

Date:    **March 19, 2018**                          /s/ **Michael A Beck**
                                                                                     **Michael A Beck**
                                                                                      Debtor

Date:                                                                Joint Debtor

## U.S. BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 13 |
| Michael A. Beck | : | |
| | : | |
| | : | Bankruptcy Case No.: 14-17490 |

## CERTIFICATE OF SERVICE

    I, Brad J. Sadek, Esq., hereby certify that on March 19, 2018, a true and correct copy of the Amended Plan was served by electronic delivery or Regular US Mail to the Debtor, all interested parties, the Trustee and all creditors.

Very Truly Yours,

March 19, 2018

/s/ *Brad J. Sadek, Esquire*
Brad J. Sadek, Esquire